E-FILED
Thursday, 06 August, 2026  03:34:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHAVISE BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-3028 |
| | ) | |
| SANGAMON JAIL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding pro se and previously detained at Sangamon County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prison officials refused to give him a Quran, that the judge presiding over his criminal case and other officials kept calling him "black" instead of Native, that he caught a staph infection at the jail, and that officials at Graham Correctional Center broke and

dislocated his shoulder. Plaintiff alleges that he was unlawfully detained for purposes of coercing a plea agreement in his criminal case, and that his legal representation was inadequate.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Id.* (quotations omitted).

Plaintiff alleges unrelated events that occurred at two separate facilities. His allegations do not permit a plausible inference that the same officials committed these alleged acts or that the claims are sufficiently related for purposes of litigating them in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). The Court finds that joinder of these claims is not appropriate. The Court states no opinion at this time regarding the merits of any claim Plaintiff may assert.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations, to remedy the joinder issues, and provide any additional information he desires the Court to consider.

### Plaintiff's Motions for Status (Docs. 7, 9)

Plaintiff's motions for status are denied as moot with entry of this Order.

### Plaintiff's Motion for Subpoena (Doc. 8)

Plaintiff seeks to subpoena video footage from Graham Correctional Center. Plaintiff's motion is denied as premature.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motions [7][8][9] are DENIED.**

Entered this 6th day of August, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE
